**TURBOCARE DIVISION OF DEMAG DELAVAL TURBOMACHINERY CORPORATION**

v.

**GENERAL ELECTRIC COMPANY.**

Civil Action No. 95–30069–MAP.

United States District Court, D. Massachusetts.

Sept. 18, 1996.

Catriona Collins, Francis J. Murphy, Alan H. Pollack, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, Michael J. Coyne, Bacon & Wilson, P.C., Springfield, MA, for Plaintiff.

Mark T. Banner, Christopher J. Renk, Allegretti & Witcoff, Chicago, IL, John P. Iwanicki, Sanjay Prasad, Banner & Allegretti, Ltd., Boston, MA, Thomas K. Pratt, Banner & Allegretti, Ltd., Chicago, IL, for Defendant.

C. Brian McDonald, Bulkley, Richardson & Gelinas, Springfield, MA, for Clifford G. Brockmyre.

*MEMORANDUM AND ORDER REGARDING OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

*(Docket No. 27)*

PONSOR, District Judge.

## I.  INTRODUCTION

This dispute arises from TurboCare Division of Demag Delaval Turbomachinery Corporation's ("TurboCare") exclusive license to U.S. Patent No. 4,436,311 ("the '311 patent"), which embodies a sealing system for fluid turbines.  TurboCare filed suit against General Electric Company ("GE") for infringement of this patent on March 30, 1995.  GE responded with a five-count counterclaim against TurboCare.  Count I seeks a declaration correcting the inventorship of the '311 patent; Count II alleges that GE has a "shop right" to the patent; and Counts III, IV, and V seek declarations of noninfringement, invalidity, and unenforceability.

TurboCare has filed a motion for summary judgment on Counts I, II, IV, and V of GE's counterclaim.  On April 30, 1996, Magistrate Judge Kenneth P. Neiman issued a comprehensive Report and Recommendation on TurboCare's motion.  This memorandum will address GE's objections to that Report and Recommendation.

## II.  BACKGROUND

TurboCare's motion turns on the binding effect of a 1992 lawsuit brought by GE against a former employee.  As a general rule, *res judicata*, or claim preclusion, prevents a party from relitigating matters that were actually litigated or could have been litigated in a prior suit.  To invoke *res judicata*, three essential elements must be present.  First, the prior judgment must be "final" and "on the merits."  Second, the parties in the second suit (or those in privity with them) must be identical to those in the first action.  Finally, the second suit must involve "the same operative nucleus of fact" considered in the first action.  *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165–66 (1st Cir.1991); *see also Porn v. Nat. Grange Mut. Ins. Co.*, 93 F.3d 31, 38 (1st Cir.1996) (discussing First Circuit's "transactional" approach to *res judicata* ).

In 1992, GE sued Ronald E. Brandon, a former GE employee and the owner of the '311 patent, in U.S. District Court in Binghamton, New York.  GE alleged, among other things, that Brandon obtained the '311 patent on an invention derived from the work of other GE employees.  In a memorandum addressing Brandon's motion to dismiss the complaint, the district court noted that

"plaintiff has not really identified its claimed cause of action with any degree of precision." *General Electric Co. v. Brandon*, No. 92–CV–438, slip op. at 10 1992 WL 394933 (N.D.N.Y. Dec. 19, 1992). After careful scrutiny of GE's complaint, it added: "The court sees either a claim for interference with property, or some sort of breach of contract claim, and either of these would be barred by the statute of limitations since the claim arose at the issuance of the '311 Patent." *Id.* The complaint was dismissed accordingly.

In this action, the magistrate judge found that *res judicata* barred GE's counterclaim against TurboCare on Counts I, II, and V, but not Count IV, of its counterclaim. Specifically, he determined that, with respect to Counts I, II, and V, the New York litigation constituted a final judgment on the merits involving the same operative facts and the same parties or privies, and that, with respect to Count IV, GE may advance legal theories that were not or could not have been advanced in 1992. *See* Report and Recommendation at 15–20.

In its objections to the Report and Recommendation, GE contends that *res judicata* does not bar Counts I and V. (No objection is raised regarding the recommendation on Counts II and IV.) Specifically, GE argues, first, that Counts I and V do not arise out of the same core facts as the New York litigation and, second, that since Count V could not have been raised at any time prior to this lawsuit, *res judicata* may not operate as a bar to that claim. The court will discuss Counts I and V in turn.

### III. *DISCUSSION*

█ *Count I.* In 1992, GE sought a declaration that Brandon deceptively obtained the '311 patent using the innovation and work of other GE employees. In this action, GE is seeking a declaration under 35 U.S.C. § 256 that Brandon mistakenly named himself the sole inventor of the subject matter of the '311 patent. The question is whether these two claims share an identity of cause of action.

"A single cause of action can manifest itself in an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Kale*, 924 F.2d at 1166. "[A]s long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical for *res judicata* purposes." *Id.* (citation and internal quotation marks omitted).

GE's § 256 claim and prior state claim share the same core factual allegations. Specifically, both allege Brandon's access to "sensitive proprietary information" and his failure to acknowledge the contributions of other GE employees in his application for the '311 patent.

GE, in fact, noted the strong factual connections between these two claims back in 1992. In a memorandum in opposition to Brandon's motion to dismiss that complaint, GE made explicit reference to 35 U.S.C. § 256, observing that the statute empowered the court to correct the inventorship of the '311 patent. The district court rejected the argument for failure to plead § 256 in the complaint. GE later attempted, unsuccessfully, to amend the complaint to include a § 256 claim.

GE nevertheless insists that the present case is different from the 1992 suit. Whereas the New York litigation focused on GE's right to the patent, GE maintains, Count I only concerns the identification and recognition of Brandon's joint inventors. In contrast to the *Brandon* complaint, it argues, this counterclaim incorporates factual allegations naming Brandon's joint inventors and asserting Brandon's mistaken (rather than intentional) omission of these inventors' names.

Despite GE's best efforts to demonstrate otherwise, these "new" allegations merely orbit around the core facts first alleged in 1992: Brandon's access to GE's "know-how" and his failure to acknowledge the work of other GE employees in his application for the '311 patent. GE's argument thus sidesteps a critical point: a § 256 claim *could have been*, but was not, raised in the 1992 suit. Thus, Count I cannot escape the grip of *res judicata*.

█ *Count V.* GE has objected to the magistrate judge's recommended dismissal of

Count V on two grounds. First, it contends that Count V, like Count I, involves facts different from those alleged in the New York litigation. Second, it argues that, given the posture of the previous litigation, GE *could not*, as a matter of law, have brought a claim for a federal declaratory judgment in 1992 and, therefore, should be allowed to press that claim today.

With respect to the latter objection, GE points out, correctly, that an "actual controversy" must exist before a declaratory judgment may issue pursuant to 28 U.S.C. § 2201. In the context of patent litigation, "actual controversy" means that the declaratory plaintiff must have a reasonable apprehension that its present or foreseeable actions could constitute patent infringement and lead to a suit by the patent owner. *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed.Cir.1993).

TurboCare has failed to demonstrate that an "actual controversy," as defined by the Federal Circuit, existed between Brandon and GE in 1992. Evidence of GE's subjective apprehension of an infringement suit is insufficient to meet this burden. *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 883 (Fed.Cir.1985). And none of the evidence before the court shows that GE objectively feared a suit by Brandon (or an exclusive licensee of his patent) in 1992. Thus, GE contends, Count V should remain in the case because it could not have been pleaded in the first suit.

▮ GE's argument has merit. In general, *res judicata* does not bar claims that could not have been asserted in a prior action. *Apparel Art Intern., Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."). This is merely another way of saying that *res judicata* blocks claims growing out of the same core facts alleged in a previous suit. The doctrine is aimed at deterring claim splitting and requires, therefore, that all

*available* claims be offered in one suit; it does *not* apply to *unavailable* claims that, *ex hypothesis,* cannot be split. At least part of Count V of GE's counterclaim, therefore, must be permitted to survive TurboCare's motion. To the extent that the magistrate judge recommended otherwise, the court will decline to adopt the recommendation.

*Res judicata* will operate to bar Count V, however, to the extent that this count seeks to reopen matters previously decided in the 1992 litigation. As noted, in that action GE sought a declaration that Brandon failed to acknowledge the work of other GE employees in his application for the '311 patent. The district court dismissed this claim with prejudice, and the matter was forever decided against GE. Whatever its jurisdictional peculiarities, § 2201 does not give GE leave to escape *res judicata's* policy against multiple litigation of substantially related claims. In other words, Count V of the counterclaim cannot be used to resuscitate any claim that was or could have been raised in the first suit. *See* Restatement (Second) of Judgments § 26(c) (1982) ("When such formal [jurisdictional] barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present *those phases of the claim which he was disabled from presenting in the first.*") (emphasis added).

What then remains of Count V? The viability of this claim will necessarily depend upon its intended proof. As a general rule, *res judicata* will bar Count V to the extent that it derives from "the same operative nucleus of fact" alleged in the prior action. Thus, GE may not pursue any legal theories that hinge on Brandon's access to "sensitive proprietary information" or his failure to acknowledge the contributions of other GE employees to the '311 patent. Conversely, GE may press any legal theories that do not rely on the core factual allegations made in the first suit in its quest for a declaratory judgment now.[1]

---

1. This limitation, of course, applies to *all* of GE's remaining counterclaims, including Counts IV and V. Thus, GE may not pursue *any* claim growing out of the same transaction or series of transactions alleged in the prior complaint.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ALLOWS plaintiff's motion for summary judgment as to Counts I and II of defendant's counterclaim. Defendant may pursue Counts IV and V consistent with the limitations explained above.